**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHELLE NELSON, *individually*
*and on behalf of all others similarly*
*situated*,

      Plaintiff,                    Case No. 24-13314
                                    Hon. Linda V. Parker

v.

SUN COMMUNITIES, INC., *et al.*,

      Defendants.
_____/

**OPINION AND ORDER  APPOINTING LEAD PLAINTIFF AND**
**APPROVING LEAD PLAINTIFF'S SELECTION OF COUNSEL**

This is a putative class action lawsuit filed under the Private Securities

Litigation Reform Act of 1995 ("PSLRA").  This case involves alleged materially

false and misleading statements made by Defendants, relating to certain

undisclosed transactions including loans and a mortgage.  (ECF No. 16,

PageID.105.)  Patrick Logan is the only movant to file a motion seeking

appointment as lead plaintiff and appointment of his choice of lead counsel. (ECF

No. 16.)  Logan's motion was timely filed on February 10, 2025.  (*See* ECF No.

16-2, PageID.122.)  No response or other objection to the motion was filed.  For

the following reasons, Logan's motion to appoint lead plaintiff and approve lead

counsel (ECF No. 16) is **GRANTED**.

When enacting the PSLRA, Congress "envisioned that courts still would play an independent, gatekeeping role to implement the [statute]." *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 215 (D.D.C. 1999).  Thus, although Logan's motion for appointment as lead plaintiff and to approve lead counsel is unopposed, this Court must evaluate the information before it and assess whether he and his chosen counsel should serve in those capacities.

The PSLRA requires a court to consider any motion filed by a class member seeking to be appointed as lead plaintiff and to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person who:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff-- (aa) will not fairly and adequately protect the interest of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of

adequately representing the class." *Id*.  The PSLRA further provides that once the most adequate plaintiff is selected, the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u–4(a)(3)(B)(v).

The PSLRA does not provide a methodology for determining which person has "the largest financial interest" in the litigation.  In making this determination, however, courts have adopted the four factors outlined by the District Court for the Northern District of Illinois in *Lax v. First Merchants Acceptance Corp*., No. 97-cv-02715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).  *See, e.g., In re The Goodyear Tire & Rubber Co. Sec. Litig.*, No. 5:03-cv-2166, 2004 WL 3314943, at *3 (N.D. Ohio May 12, 2004) (citing cases recognizing the four-factor inquiry outlined in *Lax*).  The *Lax* factors are: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (i.e., shares purchased during and retained at the end of the class period); (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period. *Lax*, 1997 WL 461036, at *5.

Finally, as indicated, the class member seeking lead plaintiff status must also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Rule 23 provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

3

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  At this stage of the litigation, however, all that is required is a "preliminary showing that the lead plaintiff's claims are typical and adequate [of the class]." *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999); *see also Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Facing no opposition, Logan benefits from the PSLRA's statutory presumption that he is the most adequate plaintiff to represent the purported class. (*See* ECF No. 16-3, PageID.125.)  As the only movant, it is undisputed that he has the largest financial interest in the relief sought as he suffered $82,286 in losses because of the alleged wrongdoing.  (ECF No. 16, PageID.109.)  Furthermore, the Court finds that Logan has made a prima facie showing that he satisfies the requirements of Rule 23. For these reasons, the Court concludes that Logan should be appointed lead plaintiff.  Finally, Logan's submissions demonstrate that his chosen counsel is competent, experienced, and qualified to represent the interests of the plaintiff class.

Accordingly, the Court **GRANTS** Patrick Logan's motion seeking appointment as lead plaintiff in this litigation and the appointment of The Rosen Law Firm, P.A. as Lead Counsel and Shea Law, PLLC as Local Counsel. (ECF No. 16.)

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 17, 2025