**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHELLE NELSON, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

SUN COMMUNITIES, INC., et al.,

Defendants.
________________________________/

Case No. 24-cv-13314
Honorable Linda V. Parker

**ORDER AND FINAL JUDGMENT**

On July 29, 2026, the Court having held a hearing to determine whether the terms and conditions of the Stipulation of Settlement, dated April 3, 2026 (the "Stipulation"), are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Defendants;[1] and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that Notice, substantially in the forms approved in the Court's Order Preliminarily Approving Class Action Settlement and Providing for Notice, dated April 17, 2026, ("Preliminary Approval Order") was provided to all

[1] The terms Defendants, Individual Defendants, and Released Defendant Parties should be read to include Gary A. Shiffman.

reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, in accordance with the specifications set forth in the order; and

It appearing that the Summary Notice, substantially in the form approved by the Court in the Preliminary Approval Order, was published in accordance with the order's specifications,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Defendants.

3. The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Class Counsel fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available

methods for the fair and efficient adjudication of this Action, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action. The Settlement Class is being certified for settlement purposes only.

4. The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons who purchased publicly-traded Sun Communities, Inc. ("Sun") common stock between February 28, 2019, and September 24, 2024, both dates inclusive, and suffered compensable damages thereby. Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b) Sun, the Individual Defendants, and each of their Immediate Family Members, legal representatives, heirs, successors or assigns, and any entity in which any of the Defendants have or had a controlling interest.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Plaintiffs are certified as the class representative on behalf of the Settlement Class ("Class Representative") and Class Counsel previously selected by Plaintiffs and appointed by the Court is hereby appointed as

Class Counsel for the Settlement Class ("Class Counsel").

6. The Court hereby finds that the forms and methods undertaken to notify the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto of these proceedings and the matters set forth herein. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and the Settlement, including the Settlement Amount of $2,300,000.00, are, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Class Representative, Settlement Class Members, and Defendants. Accordingly, the

Settlement embodied in the Stipulation is hereby finally approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Stipulation.

8. The Action and the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"), as well as all of the Released Claims, are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as and to the extent provided in the Stipulation and herein.

9. In accordance with the terms of the Stipulation, the Released Defendant Parties and the Releasing Plaintiff Parties hereby forever release, relinquish, and discharge each other from all Released Claims. The Released Defendant Parties and the Releasing Plaintiff Parties, and anyone acting or purporting to act for any of them, are hereby permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claims against any of the Released Defendant Parties and the Releasing Plaintiff Parties. This provision does not, however, bar any of the Released Defendant Parties and the Releasing Plaintiff Parties from bringing an action or claim to enforce the terms of the Stipulation or this Order and Final Judgment, or any Releasing Plaintiff Parties from bringing an action derivatively on behalf of Sun Communities, Inc.[2]

[2] This final sentence was first presented to the Court on May 20, 2026, through a joint motion

10. In accordance with the terms of the Stipulation, each of the Defendants, on behalf of themselves, and, as applicable, their heirs, executors, predecessors, successors, assigns, agents, and insurers, hereby forever releases, relinquishes, and discharges any and all Defendant Claims against the Released Plaintiff Parties which arise out of, concern, or relate to the institution, prosecution, settlement, or dismissal of the Action.

11. In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, any and all claims which are brought by any Person or entity against Defendants (a) for contribution or indemnification arising out of any Released Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to Class Representative or the Settlement Class, are hereby permanently barred and discharged. Any such claims brought by Defendants against any Person or entity (other than Persons whose liability to the Class Representative or the Settlement Class is extinguished by this Order and Final Judgment) are likewise permanently barred and discharged. However, nothing in this Order and Final Judgment shall apply to bar any claim for insurance coverage by any Defendant.

12. The Court finds that all Parties and their counsel have complied with

seeking leave to amend the proposed final approval order to include the sentence. (ECF No. 27.) The Court granted the motion by text-only order. (ECF No. 28.) At the June 29, 2026, fairness hearing, the Court also made a record confirming that its preliminary approval order permitted such modifications "with or without further notice of any kind" to the settling parties. (ECF No. 25, PageID.398.)

each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Except as provided for in the Stipulation, neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents, or proceedings connected thereto, nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be:

(a) referred to or used against Released Defendant Parties or against the Class Representative or the Settlement Class as evidence of wrongdoing by any Party;

(b) construed against Released Defendant Parties or against the Class Representative or the Settlement Class as an admission of or concession or evidence of, the consideration to be given hereunder represents the amount which could be or would have been recovered after trial, the truth of any fact alleged in the Action, the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of the Released Defendant Parties;

(c) construed as, or received in evidence as, an admission, concession, or presumption against the Settlement Class that any of their Claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

(d) used or construed as an admission of any fault, liability, or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption, or inference against any of the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or other forum or tribunal.

14. Exclusive jurisdiction is hereby retained over all Parties for all matters relating to the Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

15. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. There is no reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make with respect to the proposed Plan of Allocation or on Class Counsel's application for an award of attorneys' fees and expenses and for awards to the Class Representative for his participation in the Action on behalf of the Settlement Class.

18. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, this Order and Final Judgment shall be rendered null and void and be vacated. The terms and conditions of the Stipulation shall govern any termination or the effect of any termination thereof.

19. Class Counsel is awarded attorneys' fees in the amount of $766,666, and expenses in the amount of $49,581.66, such amounts to be paid out of the Settlement Fund within five (5) Business Days following entry of this Order. Class Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among other Plaintiffs' counsel in the manner in which Class Counsel in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action. If this Judgment does not become Final, and any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Class Counsel and all other Plaintiffs' counsel to whom Class Counsel has distributed payments shall within ten (10) business days of entry of the order or notice rejecting the Settlement and/or Judgment, terminating the Settlement, or precluding the Effective Date from occurring, refund the Settlement Fund the Fee and Expense Award paid to Class Counsel and, if applicable, distributed to other counsel.

20. Lead Plaintiff is awarded $3,500, and Plaintiff Michelle Nelson is awarded $2,500, as Compensatory Awards for reasonable costs and expenses

directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts are to be paid from the Settlement Fund.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 4, 2026